**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


RUSSELL WRIGHT,                 :
                                         Civil Action No. 09-6066 (NLH)
          Petitioner,           :

          v.                    :    **OPINION**

DONNA ZICKEFOOSE,               :
Warden,
          Respondent.           :
```

**APPEARANCES**:

Petitioner pro se
Russell Wright
F.C.I. Fort Dix
P.O. Box 2000
Bldg. 5852
Fort Dix, NJ  08640

**HILLMAN**, District Judge

   Petitioner Russell Wright, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed in forma pauperis.  The sole respondent is Warden Donna Zickefoose.

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed. See 28 U.S.C. § 2243.

I.   BACKGROUND

Petitioner is a federal prisoner serving an aggregate sentence of 219 months imprisonment. See United States v. Wright, Crim. No. 97-0226 (M.D.N.C.). He asserts that he has served approximately seventy-five percent of his sentence and that he should now be considered for a less restrictive place of imprisonment, more specifically, a camp or Residential Re-entry Center. Petitioner alleges that he requested a less restrictive place of confinement, but that the Warden denied the request and that his Unit Team advised him that he would not be considered for placement in a Residential Re-entry Center until eleven to thirteen months prior to his projected release date.[2]

Petitioner alleges in general terms that Program Statement 7310.04 violates the governing statute 18 U.S.C. § 3621(b). Petitioner does not articulate the precise nature of the alleged conflict.

---

[2] According to the U.S. Bureau of Prisons Inmate Locator, Petitioner's projected release date is August 18, 2013.

In addition, Petitioner alleges that he is not required to exhaust his administrative remedies, as he is making a facial challenge to the BOP Program Statement.

II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

### III.  ANALYSIS

Petitioner contends that he is not required to exhaust his administrative remedies before pursuing habeas relief with respect to the Warden's decision to deny him a transfer to a camp or Residential Re-entry Center.  This Court declines to find that exhaustion would be futile.  Accordingly, the Petition will be dismissed without prejudice.

Pursuant to 18 U.S.C. § 3621:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence--

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

In designating the place of imprisonment or making transfers under this subsection, there shall be no

> favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.

18 U.S.C. § 3621(b).

Program Statement 7310.04, "Community Corrections Center (CCC) Utilization and Transfer Procedure," is a 30-page manual regarding transfer of prisoners to community corrections centers, also known as halfway houses or residential re-entry centers. Generally, these are facilities to which prisoners may be transferred in connection with pre-release planning.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates

>judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement."[3]  28 C.F.R.

---

[3] "This rule does not require the inmate to file under the Administrative Remedy Program before filing under statutorily-mandated procedures for tort claims (see 28 CFR 543, subpart C), Inmate Accident Compensation claims(28 CFR 301), and Freedom of Information Act or Privacy Act requests (28 CFR 513, subpart D),[ or other statutorily-mandated administrative procedures]."

6

§ 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response.[4] Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

    Contrary to Petitioner's suggestion, the question presented here, whether Petitioner's request for transfer was wrongfully denied, is precisely the type of issue that must be subjected to the administrative remedy process before being presented to

---

67 F.R. 50804-01, 2002 WL 1789480 (August 6, 2002).

    [4] Response times for each level of review are set forth in 28 C.F.R. § 542.18.

federal court. Here, Petitioner has not even been able to articulate the manner in which the 30-page Program Statement allegedly conflicts with the statutory criteria guiding the BOP exercise of discretion with respect to his place of confinement. Exhaustion of the BOP administrative remedies, at the least, would have clarified the issue to be presented to this Court. In addition, exhaustion of the BOP administrative remedies would have permitted this Court to determine whether any such alleged conflict played any role in the government's decision - a decision statutorily committed to the Bureau of Prisons' discretion. In short, exhaustion would have permitted this Court to determine whether Petitioner had standing to challenge the legality of the Program Statement -- whether there was in fact any "case or controversy" over which this Court could exercise jurisdiction.

    Petitioner has failed to establish that exhaustion of his administrative remedies would have been futile. Accordingly, the Petition will be dismissed without prejudice for failure to exhaust.

## IV. CONCLUSION

    For the reasons set forth above, the Petition will be dismissed. An appropriate order follows.

At Camden, New Jersey      /s/ NOEL L. HILLMAN
    Noel L. Hillman
    United States District Judge
Dated: JUNE 24, 2010